United States Court of Appeals
Fifth Circuit

**F I L E D**

November 17, 2004

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 04-10033
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN DARONE WILLIAMS,

Defendant-Appellant.

--------------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:03-CR-76-ALL-C
--------------------------------------------------------------------

Before WIENER, BENAVIDES AND STEWART, Circuit Judges.

PER CURIAM:*

Kevin Darone Williams appeals his sentence for possession of a firearm by a convicted felon.

18 U.S.C. § 922(g)(1). Williams challenges the district court's increase in his base offense level by

four levels pursuant to U.S.S.G. § 2K2.1(b)(5), arguing that no evidence existed that he used or

possessed a firearm in connection with another felony offense.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

We address the merits of Williams's sentencing claim, despite the waiver-of-appeal provision in Williams's plea agreement, in the light of the Government's explicit assertion that it chooses not to rely on the appeal waiver. United States v. Rhodes, 253 F.3d 800, 804 (5th Cir. 2001).

The district court did not clearly err in determining that Williams used or possessed a firearm in connection with a counterfeiting offense. See United States v. Armstead, 114 F.3d 504, 512 (5th Cir. 1997); United States v. Condren, 18 F.3d 1190, 1193, 1199-1200 (5th Cir. 1994). Accordingly, the district court did not err in applying U.S.S.G. § 2K2.1(b)(5).

Williams seeks leave to file a supplemental brief in which he contends that the adjustment under U.S.S.G. § 2K2.1(b)(5) violated Blakely v. Washington, 124 S. Ct. 2531 (2004), because it was based on facts not charged in his indictment, not found by a jury beyond a reasonable doubt, and not admitted by him at his plea hearing. Williams has submitted his supplemental brief, and his motion to file it is GRANTED. As Williams concedes, his Blakely argument is foreclosed by United States v. Pineiro, 377 F.3d 464, 465-66 (5th Cir. 2004) (holding that Blakely does not apply to the federal sentencing guidelines), petition for cert. filed (U.S. July 14, 2004).

The judgment of the district court is AFFIRMED.